School District of the City of Pittsburgh and David L. Donahoe, Treasurer of the School District of the City of Pittsburgh, Appellants *v.* Sgro Brothers Restaurant, Inc., a Pennsylvania Corporation, Appellee.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Robert J. Stefanko,* Solicitor, with him, *David H. Dille,* Assistant Solicitor, for appellants.

*Jerome M. Meyers, Meyers & Keyser,* for appellee.

OPINION BY JUDGE MENCER, August 12, 1981:

The School District of the City of Pittsburgh (District) and David L. Donahoe, its treasurer, have appealed from an order of the Court of Common Pleas of Allegheny County which sustained a challenge by Sgro Brothers Restaurant, Inc. (Sgro Brothers) to a wage tax assessment for the years 1968 through 1977. We affirm.

During the years in question, the District annually adopted tax levy resolutions imposing a wage tax on District residents, pursuant to the Act of August 24, 1961, P.L. 1135, *as amended* (Act), 24 P.S. §§588.1-588.12. These resolutions required that resident and nonresident employers withhold the 1-percent tax from all salaries, wages, commissions, and other compensation earned by resident employees. The monies withheld were then to be paid to the District. Sgro Brothers, a nonresident employer, did not withhold any money for payment to the District from any employee.

In 1979, after an audit of Sgro Brothers, the District made an "assessment" of the amount Sgro Brothers should have withheld from resident employees during the years 1968 through 1977. We presume that this assessment was made for the purpose

of bringing suit under Section 6 of the Act, 24 P.S. §588.6. The District then requested payment of $13,-683.75, which represented the amount of the assessment plus interest and penalties. Sgro Brothers appealed the assessment to the Court of Common Pleas of Allegheny County, which sustained the appeal.[1]

This is a case of first impression before our court. A careful reading of the Act, however, shows that the actions of the District were well beyond its authority.

The Act creates a rather narrow framework within which school districts of the first class A may impose a tax on salaries, wages, commissions, and other compensation earned by residents and on net profits earned from businesses, professions, and other activities carried on by residents. Section 2 of the Act, 24 P.S. §588.2. Since Sgro Brothers is a nonresident, it is not directly subject to taxation under the Act.

Section 4 of the Act, 24 P.S. §588.4, authorizes the District to impose a duty on nonresident employers to withhold taxes from resident employees who are subject to the tax. The District imposed this duty on Sgro Brothers and other nonresident employers by adopting the annual tax levy resolutions. Sgro Brothers breached this duty by failing to withhold the taxes. The controlling issue in this case is whether the assessment imposed by the District for this breach of duty is authorized by the Act. We hold that it is not.

Section 10(a) of the Act, 24 P.S. §588.10(a), provides, in pertinent part, that

any employer who fails, neglects or refuses to register, make deductions, or to pay the tax deducted from his employees . . . shall be guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine of not more

---

[1] The lower court decided the appeal on the ground that inadequate notice of the tax liability had been given to Sgro Brothers. We do not reach that issue.

than five hundred dollars ($500) or to undergo imprisonment for not more than six (6) months. While Section 10(c) of the Act, 24 P.S. §588.10(c), provides that "[t]he penalties imposed under this section shall be in addition to any other penalty imposed by any other section of this act," our reading of the Act has failed to uncover any other penalty for failure to withhold the tax. Section 7 of the Act, 24 P.S. §588.7, does permit the imposition of interest and penalty charges on persons who fail to pay the tax when due but does not authorize the District to make the employer liable for amounts not withheld from employees. Indeed, Section 4(e) of the Act, 24 P.S. §588.4(e), expressly states that the employee remains liable for taxes not withheld by the employer.

For these reasons, we hold that the District was not authorized by the Act to make an assessment against Sgro Brothers for wage taxes not withheld from resident employees. The District may, of course, attempt to collect the overdue taxes from the individual employees pursuant to Section 6 of the Act, subject to the applicable limitations expressed therein. The District may also seek to impose criminal sanctions on Sgro Brothers pursuant to Section 10(a) of the Act for failure to withhold the taxes. The District may not, however, seek to recover from Sgro Brothers the amount of unpaid wage taxes which were not withheld.

Order affirmed.

## Order

And Now, this 12th day of August, 1981, the order of the Court of Common Pleas of Allegheny County, dated June 12, 1980, which sustained the appeal of Sgro Brothers Restaurant, Inc., from a wage tax assessment by the School District of the City of Pittsburgh, is hereby affirmed.